IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

JAMES WILLIAM WORLEY                                                    PLAINTIFF

vs.                                                              No. 2:05CV214-D-D

DESOTO COUNTY, MISSISSIPPI; et al.                                     DEFENDANTS

<u>OPINION GRANTING MOTION TO DISMISS</u>

Presently before the court is the Defendant Santa Rosa County, Florida's motion to dismiss.

Upon due consideration, the court finds that the motion should be granted. The Plaintiff's claim

against this Defendant will be dismissed without prejudice for improper venue.

*A.  Factual and Procedural Background*

The Plaintiff filed this action in this court on October 19, 2005, pursuant to 42 U.S.C. § 1983.

In the complaint, the Plaintiff asserts that while working in Santa Rosa County, Florida, he was

wrongly arrested pursuant to an arrest warrant issued by the Defendant Desoto County, Mississippi.

The Plaintiff was subsequently transported, by the Defendant PTS of America, LLC, from Florida

to Mississippi where he was released from the Desoto County Jail on November 15, 2004. In the

present motion, the Defendant Santa Rosa County, Florida, moves pursuant to Rule 12(b)(3) of the

Federal Rules of Civil Procedure to dismiss the claim pending against it for improper venue.

*B.  Standard for Improper Venue*

The Federal Rules of Civil Procedure authorize a court, upon suitable showing, to dismiss

an action, or a claim, when venue in that court is improper. <u>See</u> Fed. R. Civ. P. 12(b)(3). In a civil

action where federal subject matter jurisdiction is based on federal question jurisdiction (as is the

case here), questions of venue are governed by 28 U.S.C. § 1391(b), which provides in pertinent part:

A civil action wherein jurisdiction is not founded solely on diversity of citizenship

may, except as otherwise provided by law, be brought only in . . . (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, . . .

See 28 U.S.C. § 1391(b).

It is axiomatic that venue must be proper as to each defendant joined in an action; in addition, where separate claims are joined, as is the case here where the Plaintiff specifically delineated each of his claims and the Defendant or Defendants against whom he is asserting each claim, venue must be proper as to each such claim. Hoover Group, Inc. v. Custom Metalcraft, Inc., 84 F.3d 1408, 1410 (Fed. Cir. 1996); Rothstein v. Carriere, 41 F. Supp. 2d 381, 386 (E.D.N.Y. 1999). Once a defendant raises the issue of proper venue, the burden of proof is placed upon the plaintiff to sustain venue as to each defendant and each claim. See, e.g., McCaskey v. Continental Airlines, Inc., 133 F. Supp. 2d 514, 523 (S.D. Tex. 2001); Orleans Limousines and Transp., Inc. v. Hurd Ins. Agency, No. Civ.A. 02-2742, 2003 WL 1193681, at *2 (E.D. La. 2003) (holding that "[i]t is well established that in a case involving multiple defendants and multiple claims, the plaintiff bears the burden of showing that venue is appropriate as to each claim and as to each defendant.").

## C. Discussion

The Plaintiff argues that venue for his claim against Santa Rosa County is proper in this court under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to his claims occurred in this District. The court disagrees. None of the events giving rise to the Plaintiff's claim that he has asserted against Santa Rosa County occurred in this District.

The facts alleged in the claim in the Plaintiff's complaint that concerns Santa Rosa County make clear that the events giving rise to Santa Rosa County's potential liability occurred solely

within the confines of Santa Rosa County. Because the Plaintiff has specifically denoted each of his claims and which specific Defendant he is asserting that claim against, and only the Plaintiff's Fourth Cause of Action in his complaint mentions the Defendant Santa Rosa County, it appears to the court that a "substantial part" of the events or omissions giving rise to this claim did not in fact occur in the Northern District of Mississippi. Consequently, venue for this claim is not proper in this court, and because Santa Rosa County is not named in any of the other four counts in the complaint, it is hereby dismissed without prejudice as a Defendant in this action.

A separate order in accordance with this opinion shall issue this day.

This the 6th day of September 2006.

/s/ Glen H. Davidson
Chief Judge